UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| NATHALIE THUY VAN,<br>　　　　Plaintiff,<br>　　v.<br>BLACK ANGUS STEAKHOUSES, LLC, et al.,<br>　　　　Defendants. | Case No. 5:17-cv-06329-EJD<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO QUASH; STRIKING FIRST AMENDED COMPLAINT**<br><br>Re: Dkt. No. 31 |

Plaintiff Nathalie Thuy Van alleges in this action that she was exposed to harassment, retaliation and an illegal tip-sharing policy while working at a restaurant operated by Defendant Black Angus Steakhouses, LLC ("Black Angus"). Federal jurisdiction arises under 28 U.S.C. § 1331.

Two issues are addressed in this order. The first is whether the purported service of process on another party named in a First Amended Complaint ("FAC"), Taurian BA Holding, LLC ("Taurian"), complies with the requirements of Federal Rule of Civil Procedure 4. In short, it does not. Defendants' pending Motion to Quash (Dkt. No. 31) must therefore be granted.

The second issue, raised sua sponte, is whether the FAC should be stricken because it was filed in violation of Federal Rule of Civil Procedure 15 and the Case Management Order. Because the FAC is improper under both the rule and the order, the court will issue an order striking it.

**I.　BACKGROUND**

Plaintiff initiated this case on October 31, 2017. The original Complaint named only Black Angus as a defendant. Dkt. No. 1.

Case No.: 5:17-cv-06329-EJD
ORDER GRANTING DEFENDANTS' MOTION TO QUASH; STRIKING FIRST AMENDED COMPLAINT

1

Plaintiff then filed the FAC on February 16, 2018, which added Taurian as a defendant. Dkt. No. 23. Plaintiff alleges "on information and belief" that Taurian is "a corporation duly organized under the laws of the State of California, doing business in Milpitas, Santa Clara County California." FAC, at ¶ 8. She further alleges that Taurian is "the parent" of Black Angus. Id.

Plaintiff filed a Proof of Service with attachments on February 26, 2018, which together reveal: (1) on February 20, 2018, a process server personally delivered copies of the Summons and FAC to the attorneys representing Black Angus in this action; (2) also on February 20, 2018, a process server purportedly served Taurian by delivering copies of the Summons and FAC to an individual named "Jackie Watson" at an address in Sherman Oaks, California, which is notably the same address used to serve Black Angus at its corporate headquarters; and (3) on February 16, 2018, Nguyen Phuoc sent by certified mail a copy of the FAC to Black Angus' attorneys, and copies of the FAC and Summons to Taurian at the same address in Sherman Oaks. Dkt. No. 32.

Black Angus filed an Answer to the FAC on March 9, 2018 (Dkt. No. 29), and Taurian filed this motion.

## II. LEGAL STANDARD

### A. Federal Rule of Civil Procedure 12(b)(5)

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under [Rule] 4." Direct Mail Specialists v. Eclat Computerized Techs., Inc., 840 F.2d 685, 688 (9th Cir. 1988); see also Murphy Bros., Inc. v. Mitchell Pipe Stringing, Inc., 526 U.S. 344, 350 (1999) ("Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant."). "[W]ithout substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'" Id. (quoting Benny v. Pipes, 799 F.2d 489, 492 (9th Cir. 1986), cert. denied, 484 U.S. 870 (1987)).

Federal Rule of Civil Procedure 12(b)(5) permits a defendant to challenge the mode or method of service of the summons and complaint. Where the validity of service is contested, the

Case No.: 5:17-cv-06329-EJD
ORDER GRANTING DEFENDANTS' MOTION TO QUASH; STRIKING FIRST AMENDED COMPLAINT

2

burden is on the party claiming proper service to establish its validity. Cranford v. United States, 359 F. Supp. 2d 981, 984 (E.D. Cal. 2005) (citing Grand Entm't Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 488 (3d Cir. 1993)); Brockmeyer v. May, 383 F.3d 798, 801 (9th Cir. 2004) ("Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4."). If service of process is insufficient, the court may dismiss an action or simply quash the service. See S.J. v. Issaquah Sch. Dist. No. 411, 470 F.3d 1288, 1293 (9th Cir. 2006).

### B. Power to Strike Pleadings

District courts possess the inherent power to control their dockets, to manage their own affairs, and to determine what appears in the court's records. Ready Transp., Inc. v. AAR Mfg., Inc., 627 F.3d 402, 404-405 (9th Cir. 2010). They also retain the "power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991). Considering these powers, the district court may sua sponte strike a document filed in violation of procedural rules or court orders. See Franklin v. United States, No. 1:10-cv-00142-LJO-MJS, 2012 WL 5954016, at *1 (E.D.Cal. Nov. 28, 2012).

### C. Pro Se Pleadings

Where, as here, the pleadings at issue are filed by a plaintiff proceeding pro se, they must be construed liberally. Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000). The court "should use common sense in interpreting the frequently diffuse pleadings of pro se complainants." McKinney v. De Bord, 507 F.2d 501, 504 (9th Cir. 1974).

At the same time, however, pro se parties must still abide by the rules of the court in which they litigate. Carter v. Comm'r of Internal Revenue, 784 F.2d 1006, 1008 (9th Cir. 1986); Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995) ("[P]ro se litigants are bound by the rules of procedure."); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

## III. DISCUSSION

### A. Motion to Quash

#### i. Authority Governing Service on Limited Liability Companies

Despite Plaintiff's allegations otherwise, the evidence before the court shows that Taurian is a foreign limited liability company ("LLC") incorporated in Delaware and with offices in Pennsylvania. Bulman Decl., Dkt. No. 30, at ¶ 4. A LLC has attributes similar to a corporation; it "is an entity distinct from its members" (Cal. Corp. Code § 17701.04(a)), and can "sue, be sued, complain, and defend any action." Cal. Corp. Code § 17701.05(b).

LLCs may also be served with process in the same way as corporations. Pursuant to Federal Rule of Civil Procedure 4(h)(1), there are two ways to deliver a summons to a corporation: (A) in the same way as serving an such an entity under state law, or (B) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and - if the agent is one authorized by statute and the statute so requires - by also mailing a copy of each to the defendant."

When service is made on a foreign LLC under state law, California Corporations Code § 17701.16 governs. The statute provides that, primarily, a foreign LLC should be served by "[p]ersonal service of a copy of any process . . . by delivery [] to any individual designated by it as agent." Cal. Corp. Code § 17701.16(b). However:

> [I]f the designated agent cannot with reasonable diligence be found at the address designated for personal delivery of the process, and it is shown by affidavit to the satisfaction of the court that process against . . . a foreign limited liability company cannot be served with reasonable diligence upon the designated agent by hand in the manner provided in Section 415.10, subdivision (a) of Section 415.20, or subdivision (a) of Section 415.30 of the Code of Civil Procedure, the court may make an order that the service shall be made . . . upon a registered foreign limited liability company by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing the service.

Cal. Corp. Code § 17701.16(c).

Case No.: 5:17-cv-06329-EJD
ORDER GRANTING DEFENDANTS' MOTION TO QUASH; STRIKING FIRST AMENDED COMPLAINT

4

As relevant here, the references in § 17701.16(c) to the California Code of Civil Procedure refer to personal service and substitute service. A corporation can be personally served by delivering the summons to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process." Cal. Civ. Proc. Code § 416.10(b). Substitute service can be effectuated on a corporation by leaving a copy of the summons and complaint during office hours with a "person who is apparently in charge" of the office, and thereafter mailing copies of the documents "to the person to be served at the place where a copy of the summons and complaint were left." Cal. Civ. Proc. Code § 415.20.

### ii. Application

Comparing the rules recited above to facts presented in the parties' pleadings, it is apparent the manner in which the Summons and FAC were delivered to Taurian did not comply with Federal Rule of Civil Procedure 4(h)(1).

First, Plaintiff has not demonstrated the documents were delivered to "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process," in order for service to be successfully accomplished under Rule 4(h)(1)(B). No evidence supports a contention that either "Jackie Watson" or Black Angus are officers of Taurian, or are otherwise qualified to accept process as Taurian's agent. Indeed, Plaintiff's pleadings fail to reveal exactly what role "Jackie Watson" occupies in relation to Taurian, if any. The court, therefore, cannot find it "fair, reasonable and just to imply the authority" on "Jackie Watson's" part to receive service for Taurian. See Direct Mail Specialists, 840 F.2d at 688.

The same can be said about Black Angus. Although Defendants admit that Taurian is Black Angus' corporate parent, that fact alone is not enough to imply proper service in this case. See Adams v. AlliedSignal Gen. Aviation Avionics, 74 F.3d 882, 885 (8th Cir. 1996) (holding that service on a corporate parent cannot be effectuated through a subsidiary "absent probative

evidence that the two corporations are not independently operated"); see also Hickory Travel Sys., Inc. v. TUI AG, 213 F.R.D. 547 (N.D. Cal. 2003) (holding that service on a subsidiary will constitute service on a parent only if the the plaintiff demonstrates "either that the subsidiary functions as the parent's agent or as its alter ego"). As with "Jackie Watson," nothing in the pleadings describes how the parent-subsidiary relationship between Taurian and Black Angus renders service on the latter fair and reasonable as to the former.

Second, the purported service on Taurian did not comply with California law. Looking at § 17701.16, there is no evidence Plaintiff attempted to serve an individual designated as Taurian's agent. Nor did she properly effectuate personal service pursuant to §§ 415.10 and 416.10 because, as already noted, her pleadings do not show that "Jackie Watson" is an officer of Taurian, its general manager, or a person authorized to accept service of process. To the contrary, Defendants have produced an uncontroverted statement from Black Angus' Senior Director of Human Resources and Training indicating that no employee in the mail room or reception area is authorized to accept service of process on behalf of Black Angus, let alone Taurian.

Furthermore, this same deficiency precludes a finding of substitute service under § 415.20. Even assuming the address in Sherman Oaks is Taurian's office, nothing in the pleadings shows that "Jackie Watson" qualifies as a person "apparently in charge" of that office.

For these reasons, the court concludes that Plaintiff has not proven that Taurian was properly served with process. See Brockmeyer, 383 F.3d at 801. Defendants' motion to quash will be granted.

### B. Sua Sponte Consideration Whether to Strike FAC

The court now considers whether the FAC should be stricken because Plaintiff filed it in violation of Federal Rule of Civil Procedure 15 and the Case Management Order.

Under Rule 15(a)(1), a party "may amend its pleading once as a matter of course" within 21 days after that pleading is served, or 21 days after service of a responsive pleading or motion under Rule 12. "In all other cases, a party may amend its pleading only with the opposing party's

written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Recognizing this rule, the court issued a Case Management Order which required the parties, in pertinent part, "to comply with Federal Rule of Civil Procedure 15 in seeking joinder of parties or amendment to the pleadings" prior to the expiration of the deadline to amend. Dkt. No. 21.

Plaintiff failed to comply with Rule 15(a) and the Case Management Order when she filed the FAC joining Taurian as a defendant. The docket shows that Black Angus filed an Answer on to the original complaint on November 22, 2017. Dkt. No. 12. As such, Plaintiff's ability to amend as a matter of course expired 21 days later pursuant to Rule 15(a)(1)(B). An amendment to the complaint in February, 2018, adding a new defendant - without either a stipulation or leave of court specifically permitting the addition of that party - contravened Rule 15(a) and the Case Management Order. The FAC, therefore, cannot be sustained as validly-filed.

Because Plaintiff is expected to comply with all rules and orders despite her unrepresented status, the violation provides reason enough to strike the FAC. The court will do so according to the following order.

## IV. ORDER

Based on the foregoing:

1. Defendants' Motion to Quash (Dkt. No. 31) is GRANTED such that the purported service of process on Taurian is QUASHED.

2. The FAC (Dkt. No. 23) is STRICKEN. Consequently, the original Complaint and Black Angus' original Answer shall be the operative pleadings.

Plaintiff is advised that she must comply with all applicable procedural rules and orders when litigating this action, and in particular when seeking to amend the complaint. For the reasons explained, Plaintiff may no longer amend the complaint as of right.

Subsequent requests to amend must comply with Federal Rule of Civil Procedure 16 because the deadline to amend provided by the Case Management Order has expired. See Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992) ("Once the district court had filed a

Case No.: 5:17-cv-06329-EJD
ORDER GRANTING DEFENDANTS' MOTION TO QUASH; STRIKING FIRST AMENDED COMPLAINT

7

pretrial scheduling order pursuant to Federal Rule of Civil Procedure 16 which established a timetable for amending pleadings that rule's standards controlled."). Any purported amended complaint that is filed without a court order permitting the filing will be summarily stricken.

**IT IS SO ORDERED.**

Dated: June 8, 2018

EDWARD J. DAVILA
United States District Judge