UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALIE THUY VAN,<br>　　　　　Plaintiff,<br>　　v.<br>BLACK ANGUS STEAKHOUSES, LLC,<br>　　　　　Defendant. | Case No. 17-cv-06329-EJD (SVK)<br><br>**ORDER REGARDING DEFENDANT'S OCTOBER 29, 2018 DISCOVERY LETTER**<br><br>Re: Dkt. No. 80, 82 |

Before the Court is Defendant Black Angus Steakhouses, LLC's October 29, 2018 discovery letter regarding Defendant's subpoena to Kaiser Permanente ("Kaiser"), seeking Plaintiff Nathalie Thuy Van's psychiatric treatment records. ECF 80. Plaintiff filed a response, opposing Defendant's motion to compel on November 2, 2018. ECF 82. The Court notes that it inadvertently set the deadline for Plaintiff's response on November 1, 2018, instead of November 5, 2018, and the Court appreciates Plaintiff's efforts to promptly file her response to Defendant's motion.

Defendant served a subpoena on Kaiser on July 24, 2018, seeking medical and psychiatric treatment records from the Kaiser facilities that Plaintiff disclosed during her second session of deposition. ECF 80 at 3 (citing ECF 80, Ex. 1). Defendant asserts that it served two more sets of subpoenas on Kaiser after Kaiser twice responded that responsive documents existed, but Defendant needed to serve Kaiser at a different address to obtain them. *Id.* Defendant served the third set of subpoenas on Kaiser on August 29, 2018, within the August 31, 2018, discovery cutoff. *Id.* (citing ECF 80, Ex. 5). Kaiser produced limited responsive records on September 18, 2018, and indicated that additional records existed regarding Plaintiff's psychiatric care. *Id.* Kaiser refused to produce those additional records without Plaintiff's authorization. *Id.*

Defendant then requested that Plaintiff execute the authorization on September 21, 2018. *Id.* Plaintiff refused on the grounds that the discovery cutoff had passed. *Id.* According to Defendant, Plaintiff never objected to the production of her psychiatric records on any grounds other than the discovery cutoff. *Id.* And Plaintiff's response likewise only sets forth objections based on the timeliness of Defendant's motion. *See* ECF 82. Defendant's counsel asserts that they unsuccessfully attempted to meet and confer with Plaintiff regarding the medical records authorization and this discovery dispute. ECF 80 at 3–5.

Defendant seeks an order: (1) extending the discovery cutoff to December 1, 2018, as to Defendant's subpoenas to Kaiser, (2) extending the discovery motion cutoff to December 15, 2018, as to Defendant's subpoenas to Kaiser, (3) compelling either Kaiser to produce the additional responsive psychiatric records and/or that Plaintiff to provide Defendant's counsel with a signed written authorization for release of the psychiatric records withheld by Kaiser and (4) granting any potential experts designated by Defendant leave to amend their expert report to the extent that Defendant discovers additional information in the psychiatric records. *Id.* at 4.

Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and rules as follows.

## I. THE TIMELINESS OF DEFENDANT'S MOTION TO COMPEL

Plaintiff's response challenges the timeliness of Defendant's motion to compel on three grounds: (1) the August 31, 2018 discovery cutoff has passed, (2) Defendant's failure to serve Kaiser at the right address does not warrant an extension of the discovery deadline, (3) Local Civil Rule 37-3 requires that motions to compel discovery be filed within seven days of the after the discovery cut-off and (4) Defendant should have served all requests for production of should on or about July 30, 2018, to allow sufficient time to respond under Fed. R. Civ. P. 34(b)(2). ECF 82 at 1–3.

The Court finds that Defendant unreasonably delayed in bringing this motion to compel, and as result, the Court finds Defendant's motion to compel untimely. First, Defendant failed to bring this motion to compel within seven days after the close of discovery as permitted by the Local Civil Rules and this Court's Standing Order. Second, although Defendant originally sought

2

production of Plaintiff's medical records from Kaiser on July 24, 2018, Defendant fails to adequately explain what caused Defendant's failure to subpoena Kaiser at its proper address. Defendant's motion does not cite evidence from Kaiser showing that Kaiser mislead Defendant or otherwise explain the source of Defendant's confusion. Third and most concerning to the Court, Defendant unreasonably delayed in filing this motion to compel once Plaintiff made known her position. Kaiser informed Defendant on September 18, 2018, that it needed Plaintiff's authorization or a court order to produce additional documents.[1] ECF 80, Ex. 6. Defendant then requested Plaintiff's authorization on September 21, 2018. Defendant argues that Plaintiff delayed before finally refusing to provide her authorization. ECF 80 at 3. However, Plaintiff responded on September 28, 2018, and refused to provide her authorization. ECF 82-1, Ex. 7. Plaintiff again refused on October 7, 2018. *Id.* Defendant delayed a month from Plaintiff's initial refusal and over three weeks from Plaintiff's second refusal to bring this instant motion. The Court acknowledges that some of this time was spent pursuing additional meet and confer efforts (ECF 80 at 4–5), but given that discovery closed over two months ago, Defendant's efforts lacked the necessary urgency. Finally, the November 1, 2018, deadline for opening expert reports has passed. ECF 21. Accordingly, the Court **DENIES** Defendant's motion to compel as untimely.

## II. CONCLUSION

For the reasons stated above, the Court finds that Defendant's motion is untimely and **DENIES** Defendant's motion to compel.

**SO ORDERED.**

Dated: November 5, 2018

SUSAN VAN KEULEN
United States Magistrate Judge

---

[1] Defendant asserts that Kaiser did not respond until September 18, 2018; however, the Court notes that Kaiser's response (ECF 80, Ex. 6) is dated August 30, 2018. Further, Defendant should have been aware from the outset that Plaintiff's authorization for the release of medical records would be required. Kaiser's second response also states that a "special court order or specific written authorization" is required for inpatient psychiatric treatment records. ECF 80, Ex. 4.

3